AO 243 (Rev. 2/95)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District | SOUTHERN DISTRICT OF INDIANA |
|---|---|---|
| Name of Movant: MATTHEW RYAN BEELER | Prisoner No.: 36375-509 | Case No.: 2:21-cr-00008-JRS-CMM-1 |

Place of Confinement: FCI - Gilmer

UNITED STATES OF AMERICA     V.     MATTHEW RYAN BEELER
(name under which convicted)

**FILED**
03/31/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
U.S. District Court for Southern District of Indiana

2. Date of judgment of conviction: July 21, 2022

3. Length of sentence: 183 Months

4. Nature of offense involved (all counts): Possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 USC § 841(a)(1) and (b)(1)(A)(viii); Possession of a Firearm in furtherance of a drug Trafficking Offense, in violation of 18 USC § 924(c)

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐    No ☒

(2)

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court

   (b) Result

   (c) Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court

        (2) Nature of proceeding

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐   No ☐

        (5) Result

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court

        (2) Name of proceeding

        (3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☐   No ☐
(2) Second petition, etc.     Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

   CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: THE PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL MADE NO ATTEMPT TO SUPPRESS THE SEIZURE OF FIREARMS, AND OTHER ITEMS, CONFISCATED BY STATE OFFICERS PURSUANT TO A STATE SEARCH WARRANT

Supporting FACTS (state *briefly* without citing cases or law):

While hospitalized from suffering a drug overdose on November 7, 2020, the petitioner was placed under arrest when a law enforcement officer was assigned to petitioner's hospital room, thereby preventing the petitioner from leaving the hospital. After the passage of approximately 3 or 4 hours, officers entered petitioner's hospital room and formally arrested him for drug and firearm offenses. Petitioner was taken to jail following his aforesaid arrest.,
Although charged in Vigo County Suprior Court with drug and firearms crimes (Cause No. 84D01-2011-F2-003744), the charges were dismissed when federal charges were brought for the same offenses. This occurred

B. Ground two:
THE PETITIONER WAS DENIED DUE PROCESS AND HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO PROPERLY CONTEST THE COUNT CHARGING A VIOLATION OF 18 USC § 924(c)

Supporting FACTS (state *briefly* without citing cases or law):

Assuming the validity of the officers search and seizure of firearms in the house where the petitioner overdosed on narcotic drugs, then petitioner was deprived of the effective assistance of counsel when defense counsel failed to present proper arguments for the dismissal of the count charging a violation of 18 USC § 924(c), and thereafter recommending that the petitioner enter a guilty plea to the count. Except for the presence of firearms in a residence where controlled substances were being used for personal consumption, there existed no nexus between the seized firearms and a drug distribution offense.
- CONTINUED -

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

CONTINUED, FROM GROUND ONE (Page 5):

on March 25, 2021, when state prosecutors filed a motion to dismiss the pending state charges. It is unknown when those state charges were formally dismissed. However, prior to the dismissal of the pending state charges, federal officers took custody of the petitioner under a federal arrest warrant on March 23, 2021. Significantly, state and federal authorities ignored the failure of the federal court to issue a writ authorizing removal of the petitioner from state custody to temporary federal custody for purposes of resolving the federal charges. Defense counsel never challenged the possible jurisdictional issue before allowing the petitioner to enter a guilty plea to the federal offenses.

Over one-year following arraignment in federal court, the petitioner entered a guilty plea to the charges pursuant to a written Plea Agreement. During the foregoing one-year period, defense counsel filed no motions whatsoever on behalf of this petitioner. Even though petitioner provided defense counsel with written statements, and receipts, clearly demonstrating third-part ownership of the firearms seized from the subject residence, defense counsel failed to act in any manner seeking suppression of the firearms, or dismissal of the count. (see attached exhibits).

CONTINUED, from GROUND ONE (Page 5):

Recently, in United States v. Grant, No. 21-3686 (6th Cir.,2023), where police officers received an anonymous tip that defendant Grant had supplied a large quantity of cocaine, an investigation was conducted which included setting-up a controlled buy with Grant. It was not until the passage of 47 days that application for a search warrant was made to search Grant's rental property. The warrant's supporting affidavit included the controlled buy information, plus (1) affiant's attestation that he had seen Grant arrive and depart trom the rental property numerous times, staying only for a short time on each visit; (2) affiant's conjecture, based on his training and experience, that this behavior suggested drug trafficking; and (3) general information about drug trafficking behavior. Id. A judge found probable cause existed and issued the warrant. during the subsequent search, a handgun and ammunition was found, as well as suspected crack cocaine and marijuana. At that moment, the search was stopped so as to apply for a warrant to search and seize narcotics and contraband at the premises.

Following his indictment, Grant filed a motion to suppress all evidence seized during the foregoing searches, or

derived from any of the issued search warrants. It was the argument of Grant that the officers not only lacked probable for the initial "records warrant", but, also, for the narcotics warrant since it represented unlawful fruits of the records warrant. The court denied the motion without a hearing. An appeal was taken to the Sixth Circuit.

In reversing the district court's ruling, the appeals court panel found that for the search to have complied with the Fourth Amendment, the warrants needed a factual basis showing a nexus between alleged drug dealing and the property such that it was probable that documentation of the illegal activity would be found there. However, all the police knew about the property when they obtained the warrant was that Grant, a suspected drug dealer, was the renter and had parked his car there on several occasions without staying long. Further, officers never observed him leaving the building immediately before a drug deal or directly returning after a sale was completed. Lastly, the police had never seen any drugs or paraphernalia on or around the property.

Based on the above-recited facts, the Sixth Circuit concluded that its case law is clear that a person's status as an alleged drug dealer alone is insufficient to support

a warrant to search that person's property for drugs or drug-related documents. It was held that there must be additional supporting evidence of illegal drug activity linked to the property before the warrant is valid. That requirement was missing in Grant's case. Accordingly, the Sixth Circuit held that the district court erred by denying Grant's suppression motion, and reversed the district court's ruling.

Similar reasoning and/or argument was available to defense counsel in the present proceeding since the petitioner's arrest was premised on pure speculation, and not any facts gathered from a criminal investigation. The subject residence was inhabited by several individuals, and petitioner Beeler was unconscious, or dead, when officers entered the house where he had overdosed on heroin. A comparison can be drawn with the facts set-forth in <u>Ferguson</u> v. <u>City</u> <u>of</u> <u>Charleston</u>, 532 US 67 (2001), where the State was prosecuting mothers of new born babies, or pregnant females, who tested positive for illegal drugs at birth. A civil proceeding was filed by ten women who had received obstetrical care at Medical university of South Carolina, and who had been arrested after testing positive for cocaine. The suit alleged, among other matters, that warrantless and

nonconsensual drug tests conducted under the hospital aforesaid policy constituted search that violated the Federal Constitution's Fourth Amendment. The defendants prevailed in a jury trial, which was affirmed on appeal. Certiorari was granted by the Supreme Court, which reversed the judgment for further proceedings. It was held that (1) the hospital's performance of the urine tests was an unreasonable search in violation of the Fourth Amendment, if the patients did not consent to the procedure, for (a) while the ultimate goal of the program might have been to get the patients into substance abuse treatment and off drugs, the immediate objective of the searches was to generate evidence for law enforcement purposes, (b) the interest in detering drug use could not justify a departure from the general rule that an official nonconsensual search is unconstitutional if not authorized by a valid warrant, and (c) under the circumstances presented, the testing policy did not fit within the closely guarded category of special needs-other than the normal need for law enforcement-that provide sufficient justification for a warrantless search. Consequently, the case was remanded for additional rulings.

Proper investigation, and legal research, by defense counsel would have provided counsel with sufficient legal

authority and support, including reasoning, to properly mount a challenge to the officers' conduct in searching the residence for illegal drugs, and weapons, prior to obtaining a search warrant. It is a certainty that the petitioner Beeler did not consent to the officers warrant-less searches, or request assistance from them. His 4th Amendment rights were violated by the search.

CONTINUED, from GROUND TWO (Page 5):

Defense counsel was ineffective, contrary to the Sixth Amendment, by being uninformed about the different standards employed for determing whether a firearm was possessed in furtherance of a drug trafficking offense, or used, carried, or brandished in relation to a drug trafficking offense. In a simple drug possession case, the "sentencing court must make a specific finding that the firearm facilitated or had the potential of facilitating the possession of drugs." United States v. West, 643 F.3d 102, 114 (3rd Cir.2011). There, it was empasized that the mere physical proximity would not be enough to support such a finding. Id. at 116. "While a weapon's physical proximity to narcotics may be sufficient to show a connection between the weapon and the drug charges in some cases . . . where the predicate drug offense is possession, mere proximity is insufficient to establish the required nexus." Id. It was further stated that in drug-trafficking cases, a sentencing court could "presume" that a firearm was used "in connection with" the drug-trafficking offense based on physical proximity." Id. In deciding whether a firearm possesses the "potential to facilitate" a drug trafficking offense, a court is to exclude those

cases in which the firearm's presence is "the result of accident or coincidence." Id. Instantly, in addition to the pistol that was utilized to establish the § 924(c) offense, numerous hunting rifles, and sporting firearms, were present. Thus, an argument existed that the collection of firearms bore no relation to any suspected drug trafficking activity. Furthermore, there was no proof that the petitioner was a drug dealer, or had trafficked in illegal drugs. Thus, the nexus requirement of § 924(c) was not met, and defense counsel provided ineffective assistance on this issue and by permitting the petitioner to enter a guilty plea to the offense.

Attached hereto are affidavits and receipts demonatrating the true ownership of the various firearms seized from the subject residence by the investigating officers. Prosecutors produced no proof of ownership in the petitioner, or someone acting as his proxy. Petitioner's fingerprints or DNA residue was not taken from any of the firearms, including the pistol used as the predicate for the § 924(c) count of the indictment. Defense counsel refused to consider the foregoing evidence, or its absence, before recommending that a guilty plea be entered by the petitioner, thus, establishing the lack of any strategy in defending the petitioner.

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

    Grounds One and Two have not previously been litigated due to a guilty plea

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing

    (b) At arraignment and plea    William G. Smock   77 Cherry Street
                                   Terre HaUTE, Ind  47807

    (c) At trial                   Same

    (d) At sentencing              Same

    (e) On appeal

    (f) In any post-conviction proceeding

    (g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes [X]  No [ ]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes [ ]  No [X]

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes [ ]  No [X]

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding., including an evidentiary hearing, and appointment of counsel

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

March 27, 2023
Date

*Matt Bub* (signature)
Signature of Movant